**4.29    Defendant's Prior Bad Acts or Crimes (F.R.E. 404(b))**

**You have heard testimony that the defendant** *(summarize the other act* evidence)**.**

**This evidence of other act***(s)* **was admitted only for** *(a)* **limited purpose***(s)***.  You may consider this evidence only for the purpose of deciding whether  the defendant** *(describe the precise purpose or purposes for which the other act evidence was admitted: for example (Pick those of the following, or other reasons, that apply)),*

> *had the state of mind, knowledge, or intent necessary to*
>
> *commit the crime charged in the indictment;*
>
> *or*
>
> *had a motive or the opportunity to commit the acts charged in*
>
> *the indictment;*
>
> *or*
>
> *was preparing or planning to commit the acts charged in the*
>
> *indictment;*
>
> *or*
>
> *acted with a method of operation as evidenced by a unique*
>
> *pattern (describe);*
>
> *or*



GOVERNMENT EXHIBIT
1

*did not commit the acts for which the defendant is on trial by*

*accident or mistake.;*

*or*

*is the person who committed the crime charged in the*

*indictment. You may consider this evidence to help you*

*decide (describe how the evidence will be used to prove*

*identity – e.g., whether the evidence that the defendant*

*committed the burglary in which the gun that is the subject of*

*this trial was stolen makes it more likely that the defendant*

*was the person who placed the gun in the trunk of the car).*

**Do not consider this evidence for any other purpose.**

**Of course, it is for you to determine whether you believe
this evidence and, if you do believe it, whether you accept it for
the purpose offered. You may give it such weight as you feel it
deserves, but only for the limited purpose that I described to
you.**

**The defendant is not on trial for committing these other acts. You may
not consider the evidence of these other acts as a substitute for proof that the
defendant committed the crime(s) charged. You may not consider this
evidence as proof that the defendant has a bad character or any propensity to
commit crimes. Specifically, you may not use this evidence to conclude that**

**because the defendant may have committed the other act*(s)*, *(he)(she)* must also have committed the act*(s)* charged in the indictment.**

**Remember that the defendant is on trial here only for** *(state the charges briefly)*, **not for these other acts. Do not return a guilty verdict unless the government proves the crime*(s)* charged in the indictment beyond a reasonable doubt.**

**Comment**

*See* Sixth Circuit § 7.13

This instruction should be given if evidence of defendant's other crimes or acts has been admitted under Federal Rules of Evidence Rule 404(b). Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

*See also United States v. Givan*, 320 F.3d 452, 460-61 (3d Cir. 2003). In *United States v. Scarfo*, 850 F.2d 1015 (3d Cir. 1988) (citing *Huddleston v. United States*, 485 U.S. 681 (1988)), the court summarized the steps necessary to admit evidence under Rule 404(b):

> [T]he Supreme Court has listed four guidelines for admissibility under the Rule. First, the other crimes evidence must have a proper purpose. Second, the proffered evidence must be relevant. Third, its probative value must outweigh its potential for unfair prejudice. Fourth, the court must charge the jury to consider the other crimes evidence only for the limited purpose for which it is admitted.

The instruction should not merely include a laundry list of permitted uses of other act evidence. Rather, it should specifically state the limited purpose for which the other act evidence is admitted. *Graham, Handbook of Federal Evidence*, § 404.5 n.56 (5th ed. 2001).

The instruction is most helpful if it explains to the jury the precise role of the

other act evidence. In *Scarfo*, the Court approved the trial court's instructions.

> The trial judge charged the jury: 'Mr. Scarfo is not on trial here for any murders, for any gambling or any other kind of illegal activities.... [T]hose kinds of offenses would be dealt with in other tribunals than this.... I think you can understand that it would be utterly improper for you to take them into account in this case in the sense of saying to yourselves: 'Well, maybe he didn't do this extortion; but he did a lot of other stuff. So it doesn't much matter whether they prove this case. I am going to find him guilty anyway.' That obviously would be totally improper.'

> In instructing on the proper use of other crimes evidence, the judge explained that the testimony could be used to assess the nature of the relationship among Caramandi, DelGiorno, and defendant.

>> 'It is a position of the Government that Caramandi and DelGiorno were subordinates within this carefully organized and structured organization; that they did Mr. Scarfo's bidding; [that] they never would dream of doing anything this large without his approval; and that the tapes and other evidence in the case corroborate their testimony to the effect that he was involved and did approve.'

> The judge also told the jurors that they could use the evidence to decide whether defendant adopted a standardized scheme or mode of operation, to determine whether he had knowledge of or an intent to participate in the conspiracy, as well as to evaluate the witnesses' motives for cooperating with the government. Finally, the judge stated that the government had the right to reveal the witnesses' unsavory criminal records 'so as not to be accused of trying to hoodwink the jury by pretending that people like Caramandi and DelGiorno were Boy Scouts.'

> These clear, frank, and comprehensive instructions did all that was possible under the circumstances to place the other crimes evidence in proper perspective.

850 F.2d at 1020-21. For other Third Circuit decisions approving instructions on other act evidence, *see United States v. Cruz*, 326 F.3d 392 (3d Cir. 2003); *United States v. Givan*, 320 F.3d 452, 460-61 (3d Cir. 2003); *United States v. Butch*, 256 F.3d 171 (3d Cir. 2001); *United States v. Palma-Ruedas*, 121 F.3d 841, 852 n.11 (3d Cir.1997).

In *United States v. Carter*, 401 F.2d 748 (3d Cir. 1968), the court held that failure to instruct on the limited purpose of other act evidence was not plain error. *See also Graham, Handbook of Federal Evidence*, § 404.5 at 364 (5th ed. 2001).

This instruction should not be given when the other act evidence was admitted under Rule 413 or 414 of the Federal Rules of Evidence. Those rules allow the prosecution to introduce evidence of similar acts in prosecutions for sexual assault or child molestation. The evidence of prior conduct admitted under those rules "may be considered for its bearing on any matter to which it is relevant." As a result, no limiting